(No. 91-CV-1429— )

*In re* APPLICATION OF MARTHA RICARDO

*Opinion filed October 18, 1991.*
*Order filed December 26, 1996.*

MARTHA RICARDO, *pro se*, for Claimant.

JIM RYAN, Attorney General, for Respondent.

OPINION

SOMMER, C.J.

The applicant Martha Ricardo brought this claim on January 8, 1991 seeking compensation for funeral expenses under the Crime Victims Compensation Act, hereinafter referred to as the Act. Ill. Rev. Stat., ch. 70, pars. 71, *et seq.* incurred as a result of the death of her uncle, Rolando Batista. The record before us shows that Mr. Batista was a victim of an aggravated battery on April 4, 1977, and that he died on May 13, 1990. The Attorney General's investigatory report concludes that the victim died of causes directly related to the 1977 incident and states that the Cook County Medical Examiner's Office ruled the death was a homicide. The report states that all conditions of eligibility of the Act have been met and recommends an award in the statutory maximum amount of $3,000.

The length of time between the date of the incident and the date of the death raises an issue of eligibility. Pursuant to section 6.1(a) of the Act, an application for benefits must be filed within one year of the occurrence of the crime upon which the claim is based. The Court can extend that deadline an additional year. In this case, the application was filed approximately 13 years after the aggravated battery occurred. The fact that the death occurred

much later is not relevant to the date of the battery. The applicant is not eligible for compensation on the premise that an aggravated battery was committed due to the expiration of time.

However, under certain circumstances, it may be possible to establish eligibility based on the theory that a murder was committed. The final element of the murder did not occur until Mr. Batista expired. The length of time between the attack and his death, as it relates to the crime of murder is not relevant. (*People v. Carter* (1988), 168 Ill. App. 3d 237, 118 Ill. Dec. 983.) The record before us is insufficient for us to conclude that a murder was committed.

It is hereby ordered that this claim is referred back to the Attorney General for further investigation and report. In addition to addressing the issue described hereinabove, the report should include more facts on the issue of causation.

## ORDER

SOMMER, C.J.

This cause is before the Court on Claimant's application for benefits. This claim was scheduled for hearing before a commissioner of this Court on September 27, 1996. A copy of a notice of hearing was mailed to Claimant and was not returned as undeliverable. Claimant failed to attend the hearing.

It is hereby ordered that Claimant's application for benefits is dismissed for want of prosecution.